LEMMON, Judge.
In instituting this litigation, plaintiff sought to recover the amount of the purchase price she had paid for a stolen automobile as well as certain damages.
The automobile was stolen in November, 1972 from the then owner, Henry Dierker, who had left the title in the glove compartment. Dierker immediately reported the theft to the New Orleans Police Department, who immediately notified the Louisiana Department of Public Safety, Motor Vehicle Division.
On January 22, 1973 Peter Moore purchased the car, apparently from the thief or his accomplice, for $300.00 and applied for a new title, which was issued by the Department of Public Safety on February 7. Moore subsequently sold the car to plaintiff for $400.00 in May, 1973.
When Dierker located the car in plaintiff’s possession about two weeks later, plaintiff surrendered the vehicle and then instituted this suit against Moore and Dier-ker (who was immediately dismissed on an exception). Plaintiff subsequently joined the Department of Public Safety and the City of New Orleans, contending that the *185 City violated R.S. 32:721 by failing to notify the Department of the theft reported by Dierker and that the Department violated R.S. 32:723 by failing to appropriately index the stolen vehicle report (if filed by the City) and failing to suspend the vehicle registration. Moore also filed a third party petition, seeking judgment over against the City and the Department on the same basis.
The trial court rendered judgment, after a trial on the merits, in favor of plaintiff and against Moore for the amount of the purchase price he had received from plaintiff, but dismissed plaintiff’s suit against the City and the Department. The trial court, however, rendered judgment against the Department on Moore’s third party demand, granting full indemnification. The Department filed the only appeal.[1] We reverse the judgment as to Moore’s third party demand.
The Department admitted receiving notice from the City of the theft of Dierker’s car. Apparently, either the Department failed to comply with the requirements of filing and indexing the report and suspending the registration when it received the notice, or the Department overlooked the indexing and suspension when it issued a new title to Moore.[2] The crucial issue is whether or not Moore was damaged because of the Department’s failures.
Since the judgment on Moore’s third party demand ordered the Department to indemnify Moore in the amount ($400.00) he was ordered in the same judgment to refund to plaintiff, the trial judge evidently reasoned that Moore sustained damages at the time of Moore’s sale to plaintiff (May, 1973). This amount, however, simply constituted a refund of the sum Moore received when he sold a car he did not legally own. The point in time when Moore actually suffered the damage in this case was the date he bought the car from the thief for $300.00 (January, 1973). This is the amount and time of Moore’s actual loss (and the amount he would be legally entitled to recover from the thief).
Since Moore did not apply for a transfer of title until after his purchase from the thief, the Department’s failure to thereafter notify Moore or Dierker that the application involved a stolen vehicle did not cause Moore any damage. Stated otherwise, proper notification by the Department upon the receipt of Moore’s application would not have prevented the damage that Moore had already sustained.
We hold Moore failed to prove that any error or' omission by the Department caused him damages.
Accordingly, the judgment of the trial court as to Peter Moore’s third party demand against the Department of Public Safety is reversed, and it is now ordered that judgment be rendered dismissing that third party demand. The other portions of the judgment of the trial court are not at issue on this appeal.

Judgment on third party demand reversed and rendered.

. The judgment dismissing plaintiff’s claim against the Department is now definitive. Therefore, the issue as to whether the Department would be liable to plaintiff for the expense of repairing the car and replacing certain parts is not before us on this appeal by the Department.

. Whether or not the Department notified Dierker when Moore applied for a title in January is not clear in the record, Dierker being uncertain on this point. The Department definitely notified Dierker when plaintiff applied for a title after purchasing the car from Moore in May, although the Department’s letter to Dierker (introduced into evidence) came after Dierker had recovered the vehicle from plaintiff.